**NOT FOR PUBLICATION**

UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT

| | |
|---|---|
| NEW YORK STATE TEACHERS' RETIREMENT SYSTEMS, <br><br> Plaintiff - Appellant, <br><br> and <br><br> DARRYL LAZAR, Preferred Share Purchaser, <br><br> Plaintiff, <br><br> v. <br><br> FREMONT GENERAL CORPORATION; LOUIS J. RAMPINO; PATRICK E. LAMB; WAYNE R. BAILEY; KYLE R. WALKER; JAMES A. MCINTYRE; RONALD J. NICOLAS, Jr., <br><br> Defendants - Appellees. | No. 10-55635 <br><br> D.C. No. 2:07-cv-05756-JHN-FFM <br><br> MEMORANDUM[*] |

Appeal from the United States District Court
for the Central District of California
Jacqueline H. Nguyen, District Judge, Presiding

Argued and Submitted November 10, 2011

---

[*]     This disposition is not appropriate for publication and is not precedent
except as provided by 9th Cir. R. 36-3.

Pasadena, California

Before: TALLMAN and MURGUIA, Circuit Judges, and ROSENTHAL, District Judge.[**]

Plaintiffs appeal the dismissal with prejudice of the Third Amended Consolidated Class Action Securities Complaint.[1]  We have jurisdiction under 28 U.S.C. § 1291.  We review de novo a dismissal for failure to state a claim pursuant to Federal Rule of Civil Procedure 12(b)(6).  *Thompson v. Paul*, 547 F.3d 1055, 1058 (9th Cir. 2008).  We affirm.

Plaintiffs have failed to allege violations of Section 10(b) of the Securities and Exchange Act, 15 U.S.C. § 78(j)(b), and SEC Rule 10b-5, 17 C.F.R. § 240.10b-5 with the specificity required by the Private Securities Litigation Reform Act, 15 U.S.C. § 78u-4(b)(1) and Federal Rule of Civil Procedure 9(b).  Viewing the complaint holistically, plaintiffs' allegations of scienter fail adequately to show that each individual defendant possessed contemporaneous knowledge of undisclosed information that rendered one or more of his public statements

---

[**]     The Honorable Lee H. Rosenthal, United States District Judge for the Southern District of Texas, sitting by designation.

[1]     Plaintiffs' First and Second Amended Complaints were also dismissed for failure to state a claim.  *See N.Y. State Teachers' Ret. Sys. v. Fremont Gen. Corp.*, No. 2:07-cv-05756, 2009 WL 3112574 (C.D. Cal. Sept. 25, 2009) (dismissing SAC); *N.Y. State Teachers' Ret. Sys. v. Fremont Gen. Corp.*, No. 2:07-cv-05756, 2008 WL 4812021 (C.D. Cal. Oct. 28, 2008) (dismissing FAC).

consciously misleading. *Tellabs, Inc. v. Makor Issues & Rights, Ltd.*, 551 U.S. 308, 324 (2007); *In re Silicon Graphics Sec. Litig.*, 183 F.3d 970, 985 (9th Cir. 1999) *partially abrogated on other grounds as recognized in South Ferry LP, No. 2 v. Killinger*, 542 F.3d 776, 784 (9th Cir. 2008). Without more specific allegations, the inference of scienter is not cogent nor is it as compelling as any opposing inference a reasonable person could draw from the facts alleged. *Matrixx Initiatives, Inc. v. Siracusano*, 563 U.S. ___, 131 S. Ct. 1309, 1324 (2011).

This analysis of the complaint's scienter allegations makes unnecessary any determination as to the remaining elements of the § 10(b) and Rule 10b-5 claims. If any one of the five required elements is missing, the claim fails. *Paracor Fin., Inc. v. Gen. Elec. Capital Corp.*, 96 F.3d 1151, 1157 (9th Cir. 1996).

The district court correctly dismissed plaintiffs' § 20(a) claim because plaintiffs failed to allege an independent securities fraud violation. *Paracor Fin., Inc.*, 96 F.3d at 1161 (holding a § 20(a) "controlling person liability" claim requires a showing that a primary violation was committed).

The district court did not abuse its discretion by dismissing the Third Amended Complaint with prejudice. It had previously identified specific deficiencies and given plaintiffs multiple opportunities to amend the complaint to correct those deficiencies. *See Zucco Partners, LLC v. Digimarc Corp.*, 552 F.3d

981, 1007 (9th Cir. 2009).  Plaintiffs' inability to do so is a "strong indication that plaintiffs have no additional facts to plead."  *In re Vantive Corp. Sec. Litig.*, 283 F.3d 1079, 1098 (9th Cir. 2002) *partially abrogated on other grounds as recognized in South Ferry LP, No. 2 v. Killinger*, 542 F.3d 776, 784 (9th Cir. 2008)

**AFFIRMED.**